914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elizabeth FEDORCHAK, Plaintiff-Appellant,
v.
ARMY AND AIR FORCE EXCHANGE SERVICE, Defendant-Appellee.
 No. 90-1008.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1990.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ms. Fedorchak was demoted from her position as assistant retail manager for the Army & Air Force Exchange Service (AAFES) at the Minot Air Force Base in North Dakota. She filed suit for back pay and restoration to her former grade in AAFES. The United States District Court for the District of North Dakota, No. A4-86-178 (Dec. 12, 1988), dismissed her suit for lack of subject matter jurisdiction, and her appeal to the United States Court of Appeals for the Eighth Circuit was transferred to this court because Ms. Fedorchak alleged jurisdiction under the Tucker Act. We affirm the decision of the district court.
 
 OPINION
 
 2
 * It is well-settled that military exchanges constitute an arm of the United States Government and that the federal courts may entertain actions against them only if Congress has consented to suit. Army and Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 733 (1982). With respect to the military exchanges, the Tucker Act waives the sovereign immunity of the United States only for monetary claims founded on express or implied contracts with the exchanges. 28 U.S.C. Sec. 1346(a)(2). In the district court, the government asserted lack of jurisdiction under the Tucker Act on the ground that Ms. Fedorchak was employed pursuant to an appointment and not under contract. Thereupon, the burden was upon Ms. Fedorchak to establish the court's jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.Cir.1988). She failed to make any showing which substantiates her claim that she was employed under a contract. The evidence, including her personnel file, established that she was employed pursuant to an appointment rather than under a contract. Therefore, the district court properly granted the government's motion for summary judgment and dismissed her complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 II
 
 3
 The district court found that Ms. Fedorchak was given a full and fair administrative hearing at which she was represented by counsel. She has not challenged this determination by the district court, but makes the unsupported allegation that the Office of Investigation at the Air Force Base "intentionally withheld information and materials that would have supported [her] position" and that she "had to overcome abuse's [sic] and personal character assassination not only by that office but by AAFES as well." She has attached to her brief documents relating to proceedings before the Job Service North Dakota concerning state unemployment compensation claims. The record does not show whether these documents were offered into evidence or admitted in the trial in the district court. In any event, we have examined them and found that they were not relevant to the issue before the district court.